# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BIGY MASHAKU; <br> CHRISTINE MUHOZA; <br> 779 Jefferson Park Dr, <br> Pittsboro, Indiana 46167 <br>       Plaintiff <br><br> v. <br><br> ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security; <br> UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services; <br> TED H. KIM, in his official capacity, Associate Director of Refugee, Asylum and International Operations, U.S. Citizenship and Immigration Services, <br>   2707 Martin Luther King Jr. Ave, SE <br>   Washington, DC 20528-0485 <br><br> MERRICK B. GARLAND, Attorney General, Office of Attorney General U.S. Department of Justice; <br>   950 Pennsylvania Avenue, NW <br>   Washington, DC 20530-0001 <br><br>       Defendant(s). | Civil Action No: 1:24-cv-12321 |

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR WRIT IN THE NATURE OF
## MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, Illinois 60008, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

**INTRODUCTION**

COME NOW BIGY MASHAKU (hereinafter "Plaintiff MASHAKU" or collectively "Plaintiffs"), and CHRISTINE MUHOZA (hereinafter "Plaintiff MUHOZA" or collectively "Plaintiffs") by and through the undersigned attorney in the above cause and state as follows:

1. This action is brought because of Defendants' failure to adjudicate Plaintiff MASHAKU's[1] Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Asylum Application" or "Application") within the statutory period of 180 days pursuant to 8 U.S.C. §1158(d)(5)(A)(iii). As Plaintiff MASHAKU's Application has been pending for over a total of four years and seven months (over 55 months or 1685 days) since the date of filing; Defendants have taken over nine (9) times the maximum statutory period they are given to adjudicate asylum applications.

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on Plaintiff MASHAKU's Application which has been pending for over a total of over four years and seven months (over 55 months or 1685 days) since the date of filing with the United States Citizenship and Immigration Services.

3. Plaintiff MASHAKU and Plaintiff MUHOZA have completed their required biometrics appointment. No further requests for information have been made by United States Citizenship and Immigration Service ("USCIS") since the completion of the biometrics appointment.

---

[1] Plaintiff Bigy Mashaku is the principal applicant of a properly filed Form I-589, Application for Asylum and Withholding of Removal. On the same Application, Plaintiff's spouse, Christine Muhoza is included as the named derivative family member and is requesting to be considered for the same relief under Plaintiff Mashaku's claim for asylum and withholding of removal. Plaintiff Bigy Mashaku and his spouse Christine Muhoza, completed their required biometrics on November 20 2020, as required by USCIS. Since completing their required biometrics, they have not received any requests for additional information or evidence and neither has USCIS scheduled them for their required asylum interview.

4. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as most, if not all, USCIS Asylum offices are fully operational at this time; as such, COVID-19 related issues do not prohibit an officer's ability to adjudicate this matter.

## PARTIES

5. Plaintiff BIGY MASHAKU is a Rwandan national and for purposes of the instant action, he is a resident of Hendricks County, Indiana. He is the applicant of a properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZCH2044852790), filed on April 17, 2020, with the United States Citizenship and Immigration Service.

6. Plaintiff CHRISTINE MUHOZA is a Rwandan national and for purposes of the instant action, she is a resident of Hendricks County, Indiana. She is the named derivative applicant on her spouse, Plaintiff MASHAKU's properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZCH2044852790) filed on April 17, 2020, with the United States Citizenship and Immigration Service.

7. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

8. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

9. Defendant TED H. KIM is the Acting Associate Director of Refugee, Asylum, and International Operations Directorate (RAIO); he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

10. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. U.S.C. § 1391(e) in that this is the district in which a substantial portion of the events or omissions related to the claim occurred, specifically, this district is where the Plaintiff filed his Form I-589, Application for Asylum.

## EXHAUSTION OF REMEDIES

13. Plaintiffs have repeatedly requested the Defendants to take action on Plaintiff MASHAKU's Application.

14. Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents and information that establish their eligibility for asylum.

4

15. Plaintiffs have completed their required biometrics appointment at the designated USCIS Application Support Center.

16. There are no further administrative remedies available for Plaintiffs to utilize.

## GENERAL ALLEGATIONS

17. Plaintiff MASHAKU is a Rwandan national who properly filed Form I-589, Application for Asylum on April 17, 2020, with the United States Citizenship and Immigration Service. (Receipt Number: ZCH2044852790) **[Exhibit A].**

18. Plaintiff MUHOZA is a Rwandan national and is the named derivative family member on her spouse's properly filed Form I-589, Application for Asylum, filed on April 17, 2020, with the United States Citizenship and Immigration Service. (Receipt Number: ZCH2044852790).

19. On November 20, 2020, Plaintiff MASHAKU and Plaintiff MUHOZA, appeared for and completed their scheduled biometrics appointment at the designated USCIS Application Support Center. **[Exhibit B].**

20. Since completing their required biometrics, USCIS has not requested any further information or evidence from the Plaintiffs and nor have Defendants scheduled Plaintiffs for their required asylum interview.

21. Since filing of the Application, and subsequent biometrics appointment, Plaintiffs have made numerous inquiries with USCIS requesting the adjudication of Plaintiff MASHAKU's Form I-589 Application.

22. Plaintiffs inquiries have not resulted in any meaningful responses by USCIS.

23. As of the date of this filing, Plaintiffs Application has been pending for over a total of over four years and seven months (over 55 months or 1685 days).

24. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate Plaintiff MASHAKU's Application.

25. Defendant's delay and inaction is causing irreparable harm to Plaintiffs as they are unable to commence their life in the U.S. without living in fear of being forced to return to Rwanda where they will certainly be persecuted, tortured, and/or killed.

26. As a result of Defendant's inaction, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, because of the Defendant's inaction, Plaintiffs have been deprived of the requested immigration relief as asylees, for which they are eligible.

## COUNT I

### VIOLATION OF THE APA

27. All prior paragraphs are re-alleged as if fully stated herein.

28. Plaintiffs have a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

29. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

30. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

31. No other adequate remedy is available to Plaintiffs.

32. Defendants have failed in their statutory duty to adjudicate the Application within 180 days.

33. As Plaintiff MASHAKU's Application has been pending for over a total of over four years and seven months (over 55 months or 1685 days) since the date of filing, Defendants have

taken over nine (9) times the maximum statutory period they are given to adjudicate asylum applications.

34. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or not otherwise in accordance with the law, and in violation of Plaintiffs due process rights. Defendants have willingly and unreasonably delayed and have refused to take action on Plaintiff MASHAKU's Application.

35. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Plaintiffs Application for a total period of over four years and seven months (over 55 months or 1685 days) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiff MASHAKU's case.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff MASHAKU's Asylum Application;

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff MASHAKU's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date:  November 27, 2024                              Respectfully submitted,

8

  /s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (3668749)**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
**rodney@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiffs*